IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HATCHIGIAN, : | |
| : | |
| Plaintiff, : | CIVIL ACTION |
| : | |
| v. : | NO. 20-6204 |
| : | |
| GERMAN, GALLAGHER, & : | |
| MURTAGH, *et al.*, : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

**TUCKER, J.**                                                                                          September 27, 2021

Presently before the Court are Defendants German, Gallagher & Murtagh ("GGM"), Chilton G. Gobel, III ("Gobel"), Lauren A. Green ("Green"), Michelin North America Customer Care ("Michelin"), and Saxton & Stump's ("S&S") Motion to Dismiss (ECF No. 6), and *pro se* Plaintiff David Hatchigian's Amended Brief in Opposition (ECF No. 8). Upon careful consideration of the Parties submissions and exhibits, and for the reasons outlined below, Defendants' Motion is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**.

### I.      FACTUAL AND PROCEDURAL BACKGROUND[1]

Plaintiff initially commenced the instant action on December 4, 2020, ECF No. 1, but filed another Complaint the following day and requested the Court "replace" the previous complaint. *See* ECF Nos. 1 and 2. This Court will refer to ECF No. 2 as Plaintiff's Amended Complaint.

---

[1] This section draws primarily from Plaintiff's First Amended Complaint (Am. Compl.), Defendants' Motion to Dismiss ("Defs.' Br."), and Plaintiff's Brief in Opposition to Defendants' Motion ("Resp. Br.").

1

On April 4, 2012, Plaintiff purchased Michelin tires[2] for $438.68; these tires came with a six (6) year limited warranty. Am. Compl. ¶ 8. In January of 2018, six years after Plaintiff's initial purchase, the tires' rubber began to peel off the side. *Id*. ¶ 9. Plaintiff alleges six different Michelin-certified tire dealers inspected the tires to verify the peeling tire tread. *Id*. Hatchigian contacted Michelin multiple times but, according to him, Defendant did not respond. *Id*. ¶ 10.

In 2018[3], Plaintiff commenced an action in Philadelphia County Municipal Court but, after discovery, the Honorable Bradley K. Moss entered an order on January 28, 2019, in favor of Defendant Michelin. Am. Compl. ¶ 11; Defs.' Br. 4. Plaintiff alleges that Defendant Green, a lawyer employed at GGM and Michelin's defense counsel, presented a fabricated affidavit[4] to Judge Moss, to support her improper use defense. Specifically, Plaintiff asserts that the affidavit was forged because it was "unsworn[,] unsigned, [and] unnotarized[,…] as well as devoid of names, dates, times, or location [of] the tire inspection asserted by Defendant [Michelin]" and was meant to mislead the trial court. Am. Compl. ¶¶ 16, 20.

Plaintiff's Amended Complaint pleads GGM and Michelin attempted to "cure" the forged affidavit and Green's perjury by shipping Plaintiff's tire evidence to South Carolina. Am. Compl. ¶ 24. He states Defendants shipped the tires to South Carolina, although Michelin had multiple locations in Pennsylvania, so that the warranty would expire before on his claim could be fully processed and investigated. *Id* ¶ 25. Hatchigian asserts the reinspection request occurred after Judge Moss had "thoroughly examined" the tread. *Id*. ¶ 26. Moreover, Defendants received

---

[2] Plaintiff purchased the Michelin Pilot HXMXM455/45ZR18 12899 Series Performance Tires.
[3] Plaintiff's Amended Complaint pleads he initiated his state court matter on October 10, 2018 while Defendants assert it began on August 9, 2018. Am. Compl. ¶ 10; Defs.' Br. at 4.
[4] The affidavit was signed Bill Hankinson. ECF No. 1, 144-45. Hankinson, a District Manager at CJ's Tire & Automotive, swore that he inspected the tire and determined that Plaintiff drove on a bent rim for approximately two weeks which resulted in the tire's sidewall to suffer "a cut." *Id*. He also stated that the thread was worn beyond its life. *Id*.

2

written reports from six certified dealers who confirmed the existence of peeling tread rubber. *Id*. ¶ 31.

On February 28, 2019, Plaintiff appealed Judge Moss' Order to the Philadelphia County Court of Common Pleas, and filed a complaint with the same state court on July 2, 2019, with the same state court. Am. Compl. ¶¶ 22-23; Defs.' Br. 4. The court listed the matter for arbitration before the Philadelphia County's Compulsory Arbitration Program and, on December 19, 2020, the panel ruled in favor of Michelin. Defs.' Br. at 4. Plaintiff, again, appealed the arbitration ruling.[5] *Id*.

On January 16, 2020, a day before Plaintiff appealed the arbitration ruling, Defendants requested the subject tire for inspection, but Plaintiff refused their request.[6] Defs.' Br. 4-5. Because of this refusal, Defendants filed a Motion for Sanctions which was ultimately granted on February 13, 2020. *Id*. at 5. Plaintiff asserts this ruling was based on falsehoods and counsel's misrepresentation that he had committed spoliation. Am. Compl. ¶¶ 32-33. Additionally, the court also precluded Plaintiff from entering any and all tire-related evidence at trial. *Id*. ¶ 37. Plaintiff filed a Motion to Set Aside the Order, however, on June 10, 2020, the court reinstated its February 13th Order. *Id*. ¶¶ 38, 40; Defs.' Br. 5.

Plaintiff filed his Complaint and Amended Complaint with this Court on December 4, 2020. ECF Nos. 1 and 2. He now alleges: (1) Fraud on the Court by all Defendants; and brings claims of (2) Professional Negligence and (3) Injunctive Relief against Goebel. *See* Am. Compl. Defendants make three arguments: (1) this Court lacks subject matter jurisdiction because

---

[5] According to Defendants, this matter is still pending before the Philadelphia County Court of Common Pleas Arbitration Appeal Program. Defs.' Br. at 2.
[6] Plaintiff's recitation of events differs from Defendants in two serious regards: (1) the inspections were completed prior to the arbitration date; and (2) Defendants received written reports that confirmed the existence of peeling tread rubber.*See* Am. Compl

3

Plaintiff fails to allege complete diversity; (2) Plaintiff has failed to state claims of fraud on the court, professional negligence, or preliminary injunctive relief; and (3) Plaintiff's service of process was insufficient. Defs.' Br. 1.

I.     **STANDARD OF REVIEW**

      A.  **Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)**

Federal district courts have jurisdiction over cases that present federal questions or involve diversity of citizenship. *Neri v. State Farm Fire & Cas. Co.*, No. CIV. A. 19-0355, 2019 WL 3821538, at *3 (E.D. Pa. Aug. 13, 2019). Under 28 U.S.C. § 1332(a), which established diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction is determined by examining "the facts as they exist when the complaint is filed." *Dolin v. Asian Am. Accessories, Inc.*, 449 F. App' x 216, 218 (3d Cir. 2011) (quoting *Newman-Green, Inc. v. Alfonzo Larrain*, 490 U.S. 826, 830 (1989)).

Thus, the party asserting federal jurisdiction has the burden of establishing the factual bases for jurisdiction. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). Courts can only "properly determine whether complete diversity of the parties in fact exists and thus whether [courts] have jurisdiction to adjudicate the matter[,] when the plaintiff, even proceeding *pro se*, affirmatively pleads facts regarding the citizenship of individual defendants and the dual citizenship of corporate defendants." *Poling v. K. Hovnanian Enterprises*, 99 F. Supp. 2d 502, 515-16 (D.N.J. 2000) (citations and quotes omitted).

"Citizenship" for natural persons "is synonymous with domicile and the domicile of an individual is [their] true, fixed and permanent home and place of habitation." *Freidrich v. Davis*,

767 F.3d 374, 377 (3d Cir. 2014) (quoting *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2014)).  When a court considers a person's domicile, it looks at factors such as their driver's license, where they paid taxes, and where they are registered to vote. *Neri*, 2019 WL 3821538, at *3; *see, e.g., Park v. Tsiavos*, 679 F. App' x 120, 125 (3d Cir. 2017) (discussing factors relevant to domicile determination). On the other hand, corporate citizenship is defined by the corporation's state of incorporation and its principal place of business. 28 U.S.C § 1332(c).

### B.  Insufficient Service Pursuant to Fed. R. Civ. P. 12(b)(5)

A federal court may dismiss a complaint for "insufficient service of process." *See* Fed. R. Civ. 12(b)(5). The Party asserting the validity of service, bears the burden of proof. *Grand Entm't Group, Ltd. V. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); *see also White v. Green*, No. CIV. A. 09-1219, 2009 WL 3209647, *1 (E.D. Pa. 2009). "A defendant may 'object to the plaintiff's failure to comply with the procedural requirements for proper service of the summons and complaint' as set in Rule 4." *White*, 2009 WL 329647 at *1 (citing *Thomas v. Sears, Roebuck and Co.*, No. 04-5342, 2006 WL 5737396, at *2 (E.D. Pa. 2006)).

### C.  Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)

The purpose of a Rule 12(b)(6) Motion to Dismiss is to test the sufficiency of pleadings. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The touchstone of that pleading standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (*citations and quotations omitted*). Facial plausibility requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A plaintiff will not prevail if he

provides only "labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Instead, the plaintiff must detail "enough facts to raise a reasonable expectation that discovery will reveal evidence of 'each necessary element of the claims alleged in the complaint.'" *Id*. at 234 (quoting *Twombly*, 550 U.S. at 556).

Applying the *Iqbal* and *Twombly* principles, the Third Circuit set forth a three-part test that district courts must apply when evaluating whether allegations in a complaint survive a 12(b)(6) motion to dismiss. *Santiago v. Warminster Township*, 629 F.3d 121 (3d Cir. 2010). A court must: (1) identify the elements of the claim; (2) review the complaint to strike conclusory allegations; and (3) look at the well-pleaded components of the complaint and evaluate "whether all the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). If the complaint fails to do so, the motion to dismiss will be granted.

## II. DISCUSSION

This Court will address Defendants' diversity jurisdiction argument first, before proceeding to their other two arguments.

Defendants asserts that Plaintiff's Amended Complaint alleges that S&S and GGM are citizens of Pennsylvania, thus complete diversity does not exist. Defs.' Br. 6. Plaintiff responds by first voluntarily withdrawing his claims against S&S to preserve complete diversity. Pl.'s Br. 6. Next, he contends that although GGM has an office in Pennsylvania, it had been closed due to the COVID-19 pandemic, and that its New Jersey office was the sole operating law office at the time his Amended Complaint was filed. *Id*.

Here, Plaintiff's Amended Complaint pleads that he is a citizen of Pennsylvania. Amend. Compl. ¶ 1. He pleads Defendant Michelin is incorporated in New York with its corporate

headquarters in South Carolina; GGM is organized under Pennsylvania laws, with two offices in Philadelphia and Cherry Hill, New Jersey; S&S is organized under Pennsylvania laws with an office in Malvern, Pennsylvania; and finally, Green and Goebel are attorneys who are employed by GGM. *Id*. ¶¶ 2-5.

Even dismissing S&S as a defendant, as Plaintiff wishes, this Court still lacks subject matter jurisdiction. GGM is a citizen of Pennsylvania, Plaintiff's own state which destroys diversity. Additionally, although Plaintiff's Pennsylvania office is currently closed due to the pandemic, GGM is still incorporated under Pennsylvania laws, even if this Court were to consider New Jersey GGM's sole principal place of business.

Finally, Plaintiff asserts that Goebel and Green are engaged in the practice of law for GGM. He does not plead which office they work at, their principal place of business, or where they live. These assertions are not enough to establish diversity jurisdiction.

Plaintiff requests that, if this Court were to find it lacks subject matter jurisdiction, the Court grant him leave to amend his complaint for purposes of diversity. Pl.'s Br. 8. However, this Court denies this request. GGM is still incorporated in Pennsylvania and amending the complaint would not cure that fatal jurisdictional issue. Moreover, Goebel has asserted that he is citizen of Pennsylvania.

Furthermore, because Plaintiff's claims are dismissed, this Court will not address Defendants' failure to state a claim and insufficient service arguments. *In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 735 F. Supp. 2d 277, 306-307 (W.D. Pa. 2010) (citing *Flood v. Braaten*, 727 F.2d 303, 306 n.12 (3d. Cir. 1984)) (if a court lacks jurisdiction over a party, it lacks power to adjudicate the dispute).

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 6) is granted. Plaintiff's request for leave is **DENIED** and his claims are **DISMISSED WITH PREJUDICE**.